## J. J. HAND v. J. E. NIX ET UX.

Decided May 13, 1905.

**Statute of Frauds—Promise to Convey Land—Improvements—Estoppel.**

Where defendant orally agreed to convey land to plaintiffs in consideration of their taking care of his mother until her death, which they did, and after they had taken possession of the land under the agreement and had begun to make improvements thereon, defendant promised from time to time to make them a deed to it, he was estopped to set up the statute of frauds against his parol agreement to convey.

Appeal from the District Court of Eastland. Tried below before Hon. J. H. Calhoun.

*D. G. Hunt,* for appellant.

*Scott & Brelsford,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—Appellees sued appellant for a tract of land in Eastland County, the petition being in the usual form of trespass to try title, with the further allegation of title by ten years' adverse possession.

Besides pleading the general issue, appellant specially denied the claim of adverse possession, alleging that appellees went into possession of the land in pursuance of an agreement that they were to have it for life or so long as they lived on it, and that they had afterwards while so in possession assured appellant that they would not claim the land by limitation.

In a supplemental petition appellees pleaded their title specially, setting up an oral contract under which they took possession and made valuable improvements, stated in their brief as follows: "That the contract was made in 1883, by the terms of which the appellant agreed to buy the land in controversy and give it to appellees in consideration of their taking care of appellant's mother during the balance of her life; that appellees accepted the proposition, took appellant's mother to their home, cared for and furnished and nursed her until her death in 1886. That in 1886 appellees lived with appellant on land adjoining the land in controversy, and cultivated and improved the land in controversy, paying taxes thereon, and in 1888 moved on the land, used, occupied and improved the land and claimed the same as their own; that they occupied it until 1901, at which time, having bought land adjoining, they built a new house just on the adjacent land within a short distance of their old residence, and continued to use, cultivate and improve the land in controversy up until the time of trial. That soon after they began to use and improve the land in 1886, they requested appellant to execute a deed to them for the land, which he promised to do from time to time until 1894, when he presented the life lease, which they refused to accept. That appellees, in pursuance to and in the faith of appellant's promise to convey the land to them in fee simple, placed valuable improvements on the land to the extent

of over $500, and paid taxes thereon, and that thereby appellant was *estopped to deny parol gift or sale.*"

The evidence, though conflicting, warranted a finding in favor of appellees on the issue tendered by the supplemental petition, and we ascribe to the jury such a finding.

In no view of the case were the pleadings subject to appellant's general demurrer, and the first assignment is overruled.

The court did not err in permitting appellees to prove the facts alleged in the supplemental petition over the objection that it was inadmissible under the statute of frauds to prove by parol a contract to convey land, since appellant was estopped from urging this objection by the circumstances alleged and proved on the part of appellees under which they took possession of and improved the land.    The second assignment is consequently overruled.

The two remaining assignments submitted in the brief are. too general to be considered, to say nothing of the defective manner in which they have been briefed, which itself would warrant us in refusing to consider them.

The charges complained of and the charges requested are not set out in the brief, either literally or substantially.

Judgment affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

It is earnestly insisted in this motion that the value of the use and occupation of the land in controversy exceeded the value of the improvements made by the appellees.    But the answer to this is that no such issue was submitted to the jury, and that appellant has not submitted any assignment of error complaining of the court's refusal to give a charge submitting it.

Besides, in further support of the judgment heretofore rendered, we may add that appellant pleaded that the claim of the appellees for the value of services rendered in taking care of his mother was barred by limitation, which attitude leaves little room for doubt that the appellees would sustain an irreparable loss if appellant were allowed to use the statute of frauds to deprive them of the land earned by their services in caring for his mother.

*Motion overruled.*